## ADMINISTRATORS AND EXECUTORS—DOWER—
## MORTGAGES.

[Allen (3rd) Circuit Court, April Term, 1904.]

Day, Norris and Vollrath, JJ

\*R. F. HICKEY, ADMR. v. MARY P. CONINE ET AL.

1. COMPUTATION OF DOWER BASED ON ENTIRE PROCEEDS OF SALE OF CONSORT'S LANDS.

Where real estate is sold by the personal representative of a decedent, to pay the debts of decedent, which real estate is incumbered by a purchase-money mortgage given by the decedent in his lifetime, and by a purchase-money mortgage assumed by the decedent as a part of the purchase price of the land, and such land is sold for a sum more than the amount of both of said mortgages, the widow is entitled to have her dower interest in said land computed from and based on the entire proceeds of the sale, payable out of the residue of the proceeds, after satisfying said mortgages.

2. WIFE FURNISHING MONEY TO PAY OFF HUSBAND'S MORTGAGE CANNOT BE SUBROGATED THEREFOR OUT OF PROCEEDS OF SALE BY ADMINISTRATOR WITHOUT PROOF THAT IT WAS LOANED WITH SUCH UNDERSTANDING.

Where a widow furnished her husband money which was used by him in part payment of a purchase-money note, executed by the husband, secured by mortgage on real estate owned by him, which note and mortgage were not signed by the widow, in a proceeding brought by the personal representatives of the husband to sell said land, the widow cannot be subrogated to the lien and security of the mortgage indebtedness insofar as the money so advanced by her may have been used in paying said mortgage, in the absence of evidence that the widow gave or loaned the money to her husband intending or expecting it to be paid on the mortgage debt.

ERROR to Allen common pleas court.

**Handy & Unverferth, Watts & Moore** and **Bailey & Bailey,** for plaintiff in error:

As to the purchase-money mortgages. *Culver v. Harper,* 27 Ohio St. 464; *Fox v. Pratt,* 27 Ohio St. 512; *Welch v. Buckins,* 9 Ohio St. 331; *Unger v. Leiter,* 32 Ohio St. 210; *Folsom v. Rhodes,* 22 Ohio St. 435; *Mandel v. McClave,* 46 Ohio St. 407 [22 N. E. Rep. 290; 5 L. R. A. 519; 15 Am. St. Rep. 627]; *Kling v. Ballentine,* 40 Ohio St. 391; *Holbrook v. Finney,* 4 Mass. 566 [3 Am. Dec. 243]; *Carter v. Goodin,* 3 Ohio St. 75; 2 Story, Eq. Jurisp. Sec. 1218; Washburn, Real Prop. 190.

As to the mortgage assumed. *Elliott v. Plattor,* 43 Ohio St. 198 [1 N. E. Rep. 222]; *Ward v. Carey,* 39 Ohio St. 361; *King v. Stetson,*

---

\*Affirmed by Supreme Court without report, Hickey v. Conine, 71 Ohio St. 548.

93 Mass. 407; *Clark* v. *Munroe,* 14 Mass. 351; *Hazelton* v. *Lesure,* 91 Mass. 24; *Seibert* v. *Todd,* 31 S. C. 206 [9 S. E. Rep. 822; 4 L. R. A. 606]; *Boynton* v. *Sawyer,* 35 Ala. 497; *Thomas* v. *Hanson,* 44 Iowa 651; *Moore* v. *Rollins,* 45 Me. 493; *Glenn* v. *Clark,* 53 Md. 580; *McCauley* v. *Grimes,* 2 Gill. & J. (Md.) 318; *McGowan* v. *Smith,* 44 Barb. 232; *Jones* v. *Parker,* 51 Wis. 218 [8 N. W. Rep. 124].

As to the question of subrogation. *Joyce* v. *Dauntz,* 55 Ohio St. 538 [45 N. E. Rep. 900]; *Unger* v. *Leiter,* 32 Ohio St. 210.

**Cable & Parmenter,** for defendant in error:

As to the purchase-money mortgages. *Carter* v. *Goodin,* 3 Ohio St. 76; *Kerr* v. *Lydecker,* 51 Ohio St. 240 [37 N. E. Rep. 267; 23 L. R. A. 842]; *Kling* v. *Ballentine,* 40 Ohio St. 391; *Black* v. *Kuhlman,* 30 Ohio St. 196; *Mandel* v. *McClave,* 46 Ohio St. 407 [22 N. E. Rep. 290; 5 L. R. A. 519; 15 Am. St. Rep. 627].

Wife's inchoate right of dower is not derived from her husband, but it vests at the moment of the grant to her husband and she takes it constructively as purchaser from the grantor. *Kursheedt* v. *Savings Inst.* 118 N. Y. 358 [23 N. E. Rep. 473; 7 L. R. A. 229]; *McArthur* v. *Franklin,* 15 Ohio St. 485; *Mandel* v. *McClave,* 46 Ohio St. 407 [22 N. E. Rep. 290; 5 L. R. A. 519; 15 Am. St. Rep. 627]; *Folsom* v. *Rhodes,* 22 Ohio St. 435; *State Bank* v. *Hinton,* 21 Ohio St. 509; *Kling* v. *Ballentine,* 40 Ohio St. 391; *Society for Savings* v. *Drake,* 6 Circ. Dec. 31 (10 R. 59).

Subrogation. 3 Pomeroy, Eq. Jurisp. 1855; 3 Pomeroy, Eq. Jurisp. Secs. 1211, 1212; *Joyce* v. *Dauntz,* 55 Ohio St. 538 [45 N. E. Rep. 900]; *Amick* v. *Woodworth,* 58 Ohio St. 86 [50 N. E. Rep. 437]; 24 Am. & Eng. Enc. Law (1 ed.) 228, 281; *Jefferson* v. *Edrington,* 53 Ark. 545 [14 S. W. Rep. 99]; *Smith* v. *Stephens,* 164 Mo. 415 [64 S. W. Rep. 260].

**NORRIS, J.**

R. F. Hickey, as administrator of the estate of Taylor Conine, deceased, filed his petition in the probate court of Allen county, praying for an order to sell certain real estate of which his decedent died seized for the payment of the debts of said estate. Mary F. Conine is the widow of Taylor Conine, and is made a defendant to this petition.

From the judgment of the probate court appeal was taken to the common pleas and the case submitted to the court on the petition, second amended answer and cross petition of the defendant, Mary F. Conine, and the reply of plaintiff, administrator, and the evidence.

The real estate sought to be sold had been the property of one

Hickey v. Conine.

Abraham Early and by him sold to Ellis Michael. To secure a part of the purchase price of the land Michael and wife executed back to Early their mortgage deed upon the premises. Subject to this mortgage Michael sold and conveyed the land to Taylor Conine. To discharge the indebtedness secured by this mortgage, proceedings were had by the plaintiff administrator in the probate court and the land is sold. Mary F. Conine claims, as the widow of Taylor Conine, dower in this real estate and in her answer consents to the sale of the real estate free of her dower interest, and demands to be endowed as of the whole value of the real estate, asking that the value of her dower interest be computed and measured by the whole proceeds of the sale, and that she be paid said sum out of the balance of the proceeds after payment of the mortgage debt.

As a second cause of action, she claims that she furnished to her husband $2,200 of her own money, which was by agreement between her said husband and herself to be and was paid and applied on and took up $2,200 of said mortgage indebtedness, which arose by virtue of a mortgage which her husband executed to Ellis Michael to secure a part of the purchase price of the real estate described in the petition. She says it was agreed between Taylor Conine, her husband, and herself that she should hold the note upon which said $2,200 was applied, and should hold the security which said mortgage gave it until said $2,200 so advanced to her husband by her and the interest thereon was paid, and she claims that she is entitled to that extent to said mortgage lien and subrogated to it. She says she was not a party to any of said mortgages and in no wise obligated on said mortgage indebtedness, and she seeks to be subrogated to the lien of said mortgage executed by her husband to Michael to the extent of said $2,200 and interest.

The reply of plaintiff controverts the claims of the defendant, Mrs. Conine, and these issues were submitted to the common pleas court on the evidence.

The common pleas by its consideration adjudges that Mrs. Conine was endowed in all the whole value of the real estate described in the petition; that she was entitled to the value of her said dower, thus computed in money out of the balance of the proceeds of the sale after discharging the mortgage indebtedness.

On her second cause of action the court found that she was not entitled to be subrogated and refused the relief asked in said second cause of action.

The plaintiff administrator filed his motion for new trial as to the finding and judgment concerning the claim of the widow for dower.

Allen County.

The widow, Mary F. Conine, filed her motion for new trial concerning the finding and judgment against her on the second cause of action in her second amended answer and cross petition.

Each of these motions for new trial the common pleas court overruled.

The plaintiff administrator prosecutes error to the finding and judgment of the common pleas concerning the dower of the widow defendant, Mary F. Conine, assigning in his petition:

1. That the common pleas erred in overruling his motion for a new trial.

2. That the finding, order, judgment and decree is against the law of the case.

3. That the court erred in ordering and decreeing that the said Mary F. Conine be paid money in lieu of her dower interest in said lands based on the entire proceeds of the sale of said real estate, notwithstanding the purchase-money mortgage given by said Taylor Conine for part of said real estate, and as a part of the consideration thereof was still subsisting.

4. That the common pleas erred in making the same order and judgment as against the mortgage assumed by said Taylor Conine in purchase of the real estate, and as a part of the consideration for the purchase price of said land.

5. Error in the admission of evidence and in the rejection of evidence.

6. The finding and judgment is against the weight of the evidence.

7. And that the judgment should have been for plaintiff and not for the defendant in error.

The defendant, Mary F. Conine, files her answer and cross petition in error and asks that the finding and judgment of the common pleas on her action because of error:

1. In overruling the defendant's motion for a new trial.

2. Said finding and judgment is against the weight of the evidence.

3. That the finding and judgment is against defendant in error and in favor of plaintiff in error.

4. Error in rejecting evidence offered by defendant.

5. That said finding, judgment and decree is against the defendant on her second cause of action, and refuses the relief sought in the said second cause of action.

6. And that said finding and judgment is against the evidence in the case.

### Hickey v. Conine.

The question made by the plaintiff is as to whether the dower interest of the widow, when the lands of the deceased husband are covered by a purchase-money mortgage, is only in the residue of the value of the lands after deducting the amount of the purchase-money debt secured by the mortgage, or whether she is dowable, and her dower interest is to be computed in the entire value of the land, payable out of the residue of proceeds of the sale of the land, if sufficient remain after deducting from the whole proceeds the mortgage debt.

No more can be said or better said on this proposition than has been said by Judge Cunningham in the opinion of the court of common pleas, but in supplement to it, however, we may say that the seller shall not lose the purchase price of his property. There results from the sale and purchase a trust in favor of the vendor in the subject of the transaction, not that the vendee reconveys the title or holds the title for the benefit of a vendor in a general sense, or that the vendor be reinvested with the title, but the vendee is deemed to hold the property sold in readiness to respond to the payment of the purchase price of it, that it may be converted into cash from which the purchase money due the vendor shall be paid. In this sense and in no other, a trust arises in favor of the vendor, but the vendor does not hold the title, nor a shadow of the title, nor a right to the title. The vendee holds both the legal and equitable title and this to a degree that by conveyance of the legal title by the vendee to a purchaser in good faith, and without notice of the lien of the vendor, the vendor's lien for the purchase price must yield and may thus be defeated. Without this act of the vendee the vendor's lien is paramount against the world.

When the security is the same property concerning which the debt arises, the vendor's lien is not displaced by a purchase-money mortgage, but is strengthened by it. *Boos v. Ewing,* 17 Ohio 500, 522, 523 [49 Am. Dec. 478]. The secret lien or trust as it may be termed, being thus made a matter of public record places defeat of it from a conveyance of the legal title by the vendee to a *bona fide* purchase without notice beyond possibility. So that the strength of such a lien evidenced by such a mortgage is fortified beyond successful attack, and none of the favored rights of the law such as exemptions and homestead and dower and the like can attach to the property and supplant the lien, but all are postponed to the claim of the vendor for the consideration which moved him to part with his property and the title to it. He has parted with his title and in lieu of it he holds an unassailable claim for the money which would result from a sale of the land on enforce-

Allen County.

ment of his lien equal to the unpaid purchase price due him in consideration of his title.

All this is for the vendor and for the benefit of the vendor, and for those who succeed to his rights as vendor, and purchase-money mortgagee. Until the vendee by his act and by his failure and forfeiture make it otherwise, the vendors interest either as vendor or mortgagee is termed in law and equity to be a lien and that only.

As to the vendor and the rights of the vendor, and the heirs of the vendee or the creditors of the vendee and their rights against the vendee, there is no privity and nothing is common. They are strangers to him and to his rights, and he is a stranger to them and to their rights. They cannot ride in his wake, nor take advantage, or turn to their profit or benefit the condition or any phase of it, in which natural equity and intrinsic justice places the vendor fortified by his mortgage. The vendor stands apart and aloof, and alone and secure. The heirs and the creditors and the wife of the vendee can only look to the vendee and the rights of the vendee and the title of the vendee, as the source of their interest in the property purchased.

A mortgage in Ohio is regarded as a mere security for a debt, and an incident to it. An action for foreclosure of the mortgage and sale of the mortgaged property is held to be an action on a specialty as described in Lan. R. L. 8495 (R. S. 4980). *Kerr* v. *Lydecker,* 51 Ohio St. 240, 248, 249 [37 N. E. Rep. 267; 23 L. R. A. 842].

As against the mortgagee and all the world the legal title to the mortgaged premises until condition broken, remains in the mortgagor. It is only after the condition of the mortgage is broken that the legal title as between the mortgagor and mortgagee vests in the mortgagee. Nothing vests the legal title in the mortgagee but the breach of the condition of the mortgage. For this position we find abundant authority in this state, notably *Gilliland* v. *Sellers,* 2 Ohio St. 223; *Hibbs* v. *Insurance Co.* 40 Ohio St. 543, 559; *Martin* v. *Alter,* 42 Ohio St. 94; *Kerr* v. *Lydecker,* 51 Ohio St. 240, 248 [37 N. E. Rep. 267; 23 L. R. A. 842], and other cases.

In the case at bar the conditions of the mortgages were not broken, and as against the mortgagee and all else the legal title remained in the mortgagor, and this whether the debt secured by it was for purchase money or otherwise. No action was pending or could be commenced to foreclose this mortgage or to recover possession in ejectment under it, and no proceeding could be taken or had to enforce the vendor's lien for the purchase money, the debt to which the mortgage was incident.

Hickey v. Conine.

If this be true then the legal title as well as the right to redeem the legal title from the pledge and peril of the mortgage had not passed from the mortgagor, and the mortgage had not assumed other conditions than that of a mere security for a debt, and had not been given the character of a conveyance which divested the mortgagor of his legal title and carried the legal title to the mortgagee. It was still a mere security—it was simply a lien, and the right of the vendor by reason of his vendor's lien and his mortgage was that of a lien holder, and not the holder of the legal title to the property.

If this be a fact the seizin of the mortgagor was not merely a fictitious and instantaneous and incidental seizin divested at once and permanently by the same act and transaction which conveyed the legal title to him, but he was seized of an estate of inheritance in the land, which was not yet divested by broken condition, or at all at the time of his death.

The dower right of the wife is deemed to be a moral right as well as an equitable and legal right. The law is as jealous of the inchoate right of the wife as it is of the vested dower right of the widow. The wife may, in the lifetime of the husband maintain an action to protect her inchoate right equally as well as she may after her husband's death maintain an action to secure her vested right. This right of the wife and widow is superior to the rights of an heir. The heir takes by inheritance. The dower estate is an estate by purchase *Kling* v. *Ballentine*, 40 Ohio St. 391. It is paramount to the right of a mere creditor of the husband because her interest is held by her independent of the interest of the husband and are not obligated for her husband's liabilities.

Under the laws of this state amongst other provisions in behalf of dower, it is declared that if dower be not barred or relinquished a widow shall be endowed of an estate for life in one-third of the real property of which the deceased consort was seized as an estate of inheritance at any time during marriage. Lan. R. L. 6887 (R. S. 4188).

This mortgagor held a descendable estate in the land in question. It was an estate that, notwithstanding the vendor's lien and the vendor's purchase-money mortgage, could not be terminated by the mere will of the vendor, nor terminated at all by the vendor, unless by due process of law, following the voluntary act of the vendee, which ended his inheritable interest in the land.

No condition of this character is present—nothing to make absolute the mortgage—no step taken to foreclose the equity of redemption, or to reduce the land to possession, and no right arose in favor of the

vendor which he might thus assert. It would seem that nothing could more completely define an interest of the husband which would bear the dower right of a wife or widow than these facts describe.

So therefore we find no error in the judgment of the common pleas: that the widow is dowable in the whole proceeds of the real estate subject to the rights of the vendor, but superior to the rights of the heirs and general creditors of the husband, and that the value of her dower is payable out of the residue of said proceeds after discharging the vendor's claim. We deem this in trend with the holdings of our Supreme Court upon question of dower and right of dower. And I will still continue to believe until from the perfect wisdom and sinless calm of that august Tribunal, a voice speaks to the contrary.

We are of opinion that the facts appearing in this record do not warrant the remedy sought by the defendant in the second cause of action made in her amended answer and cross petition. There is no evidence that she gave or loaned the money to her husband intending or expecting it to be paid on the mortgage, or on any particular indebtedness of the husband and we see no room for subrogating her to the rights of the mortgagor.

Finding no error in the record as claimed by the petition in error or in the cross petition in error, the judgment is affirmed. The costs incident to the petition in error are adjudged against the plaintiff in error. The costs incident to the cross petition in error are adjudged against the defendant in error. Execution is awarded and the case is remanded to the court of common pleas for execution.

**Day** and **Mooney, JJ.,** concur.